Curia, per Evans, J.
It was certainly within the powers of the Legislature to prescribe, by law, the mode in which the validity of all elections shall be decided, and it is clear that this has been done. The 5th section of the. *8 Act of 1839 (a) declares the manner in which one contesting the sheriff’s election shall proceed. Notice must be given, on the last day of the election, of the grounds of exception, and the managers are required to hear and determine the validity of the election, “and their decision shall be final.” No notice was given to the managers, there was no contest, and consequently no decision, and if this motion had been granted, the effect of it would be to substitute a judge.for the court of managers appointed by law to decide. I take it to be clear, that the validity of an election, in all cases, must, in the first instance, be decided by the court of managers duly organized according to law. All questions, whether of law or fact, must be submitted'to this tribunal. Their decision on questions of fact must of necessity be final, as no appeal is given ; but I do not mean to say that their errors in law may not be corrected by certio-rari, or such of the prerogative writs as may be best suited to the case. The effect of granting the rule in this case would be not to correct the errors of the court of managers, but to substitute a judge at chambers in lieu of that tribunal established by law. A judge of the Superior Court may have power to correct the errors of an inferior court, but he has no right to decide, in the first instance, those questions which are within the inferior jurisdiction.
The motion is dismissed. •
RichardsoN, O’Neall, Butler, Wardlaw and Frost, JJ. concurred,

 11 Stat. 25.